**Joe TORRES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36127.**

Court of Criminal Appeals of Texas.

Jan. 8, 1964.

Rehearing Denied Feb. 12, 1964.

---

No attorney for appellant on appeal.

Guilford L. Jones, Dist. Atty., Big Spring, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

Our original opinion herein is withdrawn and the following substituted in lieu thereof.

The offense is murder; the punishment, 15 years.

Evidence was introduced by the State to the effect that, without any words being exchanged or any overt action on the part of the deceased, the appellant walked up to deceased, put a pistol to his head and shot him. The appellant introduced evidence of communicated threats plus evidence of the first overt act being committed by the deceased in that deceased drew a knife and "jumped" toward appellant, who was seated at the time. This followed a demand on the part of appellant that deceased pay him some money that he owed him, which deceased refused to do. It was further shown that appellant and deceased lived in the same section of the city of Big Spring and frequented the same retail beer establishments in that section where this homicide occurred. The trial court submitted the issue of self defense from real or apparent attack.

The jury resolved the conflict in the evidence against appellant, and we find it sufficient to support the conviction. No formal bills of exception accompany the record and no brief has been filed.

While it is true that the trial court limited appellant's cross examination of the State's witnesses as to deceased's reputation, this was done at a time when no issue had been raised as to self defense or who began the difficulty. When such issue was raised, the court offered to permit appellant to question such witnesses in the jury's presence, but appellant declined such offer and merely requested that the court reporter read the entire testimony of such witnesses developed in the absence of the jury. This request was denied. The procedure proposed by appellant's counsel is not authorized by statute.

Appellant did call one witness in the presence of the jury and propounded the desired question, but the State's objection was sustained. In perfecting his bills of exception, it was shown that the witness had no knowledge of the characteristic to which the court had sustained the State's objection, and hence, appellant was not injured by the court's ruling.

Finding no reversible error, the State's motion for rehearing is granted and the judgment is affirmed.